ns. At this time we will hear United States v. Jones. Thank you. Good morning. Bobby C. Sternheim for Keon Jones. This case concerns what qualifies as a crime of violence. In this situation, and I know you're familiar with the underlying case, Mr. Jones was charged in a RICO substantive and RICO conspiracy count, two 924Cs, one of which this court reversed as multiplicitous. What we're left with is whether in the RICO and RICO conspiracy two crimes charged and attempted murder under New York State law and kidnapping under New York State law qualify as crimes of violence. Under the categorical approach that this court uses and is enunciated by the Supreme Court, they do not. And the reason they do not is because neither crime in all circumstances requires force, both a kidnapping and an attempted murder. Are there any cases involving kidnapping, abduction that do not involve force? There are cases. No one says, if you have some time this afternoon, I'd like to abduct you, please get in my car. Well, you can bring somebody or under false pretenses, lure somebody . . . There are other laws that deal with that, surely. Yes, there are, Judge, but when you look at these crimes and you even look at the jury instructions regarding these crimes . . . Yes, but the technical possibility that such a case could be brought really isn't enough. I mean, you need to indicate that this is a use or an application of the statute that is done. I understand that, and I understand that even making an argument such as this seems to shock the conscience, so to speak, because . . . No, it's actually very interesting. No, it is very interesting. I don't mean with regard to that, but if you, as former counsel said, speak to someone over a beer and say, I'm going to the circuit to discuss whether an attempted murder or a kidnapping qualifies as a crime of violence, the response is, I'll buy you another beer. Chances are you'll not make any headway on that. I believe that that would not be the case here. I believe that when you look at these crimes and you go into their generic elements, arguments can be made that those underlying crimes which form the basis of the racketeering acts for both counts one and two . . . How about murder? That doesn't involve . . . This is attempted murder, first of all. And one can . . . To do something that involves . . . But it doesn't have to involve force. Even we just saw what's happened in England, and I'm just going across the pond for purpose of example. You have two individuals who were poisoned. There was no act of force involved, and that constitutes an attempted murder. So the element of force . . . How can it be the case that administering poison to someone to murder to kill them does not involve a use of force? The poison may be doing its work on the human body. You may not be hitting them over the head, but you have exercised force in poisoning them. By that argument, I think if you shoot a gun, because it's the bullet that actually touches the body, there's been no violent act. With all due respect, even pulling the trigger one could say is an act of force, and certainly a bullet going into a body is forceful. What about electrocution, for example? I mean, I think that's akin to giving someone poison, right? It doesn't have any physical velocity associated with it, but it's clearly force. Electrocution would be different. A gas is not necessarily a situation that would involve force as it would be defined in applying this situation. But isn't the test a substantial risk of force, even putting aside whether something is force or not? I mean, isn't that what makes attempted murder certainly a violent crime? Well, I think we also have to tease out the difference between murder and attempted murder. And I think we would all agree that attempt takes us somewhat further away from the actual situation of one losing their life. One can attempt to kill somebody by attempting murder by purchasing something that could be used. And certainly that would apply in a conspiratorial sense, and it may even apply in an aiding and abetting sense. And I understand that I'm really slicing this in a thin fashion, but under the categorical approach, if there is an explanation that does not involve force, then an argument can be made with regard to that. We'll hear you on rebuttal. Thank you very much. Good morning. May it please the Court, Andre Spector for the United States. I'll confine my argument to the conviction issue. And just to add to the point that you made, Judge Jacobs, when we look at the categorical analysis and we ask whether there is a realistic probability that force can be used, that a crime could be convicted without at least some force being used, we look at two things. One is the case law in the state, which the appellant hasn't pointed us to a single case of completed kidnapping where force was not used. Or two, we look to the appellant's own case. And this case involved very violent kidnapping. It was a pistol whipping that lasted for an hour as the victim bled and pled for his life. That's why this kidnapping and attempted murder satisfies the force clause. But the Court does not even need to reach that issue because we can stop at the risk of force clause, which this Court has upheld and held. In that analysis, we just look at the ordinary case, the kind of case that you can talk to a colleague over beer and say that I'm arguing over kidnapping and murder. Does that put an ordinary person unnoticed? That is a crime of violence. And I submit that it does. We've cited numerous examples throughout the country where courts have held over and over that these are prototypical violent cases. So for that reason, unless Your Honors have questions, the conviction for the remaining firearm charge should be affirmed. Is it use of force if you scare somebody to death? Somebody with a weak heart? Not under the force clause, Your Honor, no. I'll submit that you don't use force. But going back to the poison example, that is force. And we've cited the United States Supreme Court and Castleman, which echoed what you said, Judge Livingston. I knew I heard it somewhere. It isn't the sprinkling. It's the activity of the poison on the body, which is the force. That is almost a precise quote in Castleman as I'm looking at it. So it is the employing of poison knowingly as a device to cause physical harm. That's what makes it forceful, just like a punch or a kick to the face. Thank you. We'll hear rebuttal. May I offer this, even though I think you're facing some mighty headwinds in this regard? Is the best argument you have United States v. Van Mead, which is in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion? Is the categorical approach? Well, I thank you for saving 30 seconds of my rebuttal, because that is precisely what I was going to say in response. It is not how it was committed in this situation, but how the law defines the crime that should control. And I believe under an analysis, one can argue that kidnapping and attempted murder do not always require force or risk of force. Thank you. Thank you both. We'll reserve decision.